UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALBERT BAKER,                )
                             )
        Petitioner,           )
                             )    CAUSE NO. 3:16-CV-71-MGG
    v.                        )
                             )
SUPERINTENDENT,              )
                             )
        Respondent.          )

OPINION AND ORDER

Albert Baker, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (BTC 14-12-336) where a Disciplinary Hearing Officer (DHO) found him guilty of threatening another offender in violation of Indiana Department of Correction (IDOC) policy B-213/B-240. ECF 21-5 at 1. As a result, Baker was demoted from Credit Class I to Credit Class II.

Baker argues that he is entitled to habeas corpus relief because the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid

of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates IDOC B-213 by:

Engaging in any of the following:
    1. Communicating to another person a plan to physically harm, harass or intimidate that person or someone else.
    2. Communicating a plan to cause damage to or loss of that person's or another person's property.
    3. Communicating a plan to intentionally make an accusation that he/she knows is untrue or false.

Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses.

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charged Baker as follows:

> On December 17, 2014 Mr. J. Hendershot opened a white envelope addressed to him and marked from Albert Baker #900522. During the reading of this letter Offender Baker is trying to explain he never threatened Offender Peters #203488. I will note I have an investigation 14-BCT-234 that Offender Baker has threaten (sic) Peters because Peters is having contact with Baker's daughter Brittany Blair. These action (sic) caused Offender Peters to request PC status. On 12/17/14 I received recorded phone calls made by Offender Peters, and on December 14, 2014 Peters made a phone call to Brittany Blair telling her that he really requested PC because he snitched on JP, and that he made all that up about her dad (Albert Baker). Peters also tells Britteny (sic) in this call that people listen to his calls. Peters also tells Brittany, All that I wrote in the letters he sent to her are true. Brittany toward then end (sic) of their conversation tells Peters that now she understands.
>
> I believe with the evidence in case 14-BTC-234 along with Peters phone call to Brittany, is 51% for the preponderance of evidence needed to believe Offender Albert Baker is attempting to intimidate Offender Peters to lye (sic) about what really happened so Brittany will have contact with Baker again and to have the conduct reports thrown out submitted by me in my case findings in case 14-BTC-234.

ECF 10-1.

The DHO had sufficient evidence to find Baker guilty of attempting to threaten offender Peters. The "some evidence" test is satisfied even if "no direct evidence" exists. *Hill,* 472 U.S. at 457. Indirect evidence linking the offender to the offense can satisfy the evidentiary requirement. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (hearing officer permitted to rely on circumstantial evidence to find offender guilty); *Brenneman v. Knight*, 297 F. App'x 534, 536 (7th Cir. 2008) (relying on indirect evidence in finding prisoner guilty). Here, the DHO had sufficient circumstantial evidence that Baker threatened Peters. Peters had originally requested placement in protective custody because he believed Baker would try to harm him. However, Peters later called Baker's daughter and changed his story about why he had requested protective custody. Peters carefully attempted to explain to Brittany that he made up the story about Baker threatening him, while at the same time emphasizing that everything he had previously told her remained true. When Brittany did not understand Peters' cryptic explanation, he told her that and he needed to say certain things because people listen to his phone calls. He again strained to emphasize that everything he previously told her was true. Brittany eventually stated that she understood why he needed to change his story.

The DHO's determination that Peter's sudden change in his story was motivated by an underlying threat by Baker was not arbitrary or unreasonable. In the telephone recording, it is clear that Peters felt he needed to rescind his statement that Baker had threatened him because people were listening to his phone calls. Yet, his emphasis that everything he previously told her remained true strongly suggests that his present statements to Brittany were false. This evidence was sufficient

3

to support the DHO's finding. Thus, Baker is not entitled to habeas corpus relief based on the sufficiency of the evidence.

Baker also argues that he is entitled to habeas corpus relief because he was denied access to evidence. He claims that he was improperly denied access to (1) a transcript of the phone call offender Peters had with his daughter, and (2) statements from three prison employees. Respondent argues that Baker is procedurally defaulted on this claim because he failed to pursue the claim during his administrative appeals. In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). In his administrative appeals, Baker argued that his discipline in this case was duplicative of other sanctions he received for threatening Peters. However, nowhere in his appeals does he argue that he was denied evidence that he requested. Thus, he is procedurally defaulted on this claim.

Nevertheless, procedural default can be excused and the court can consider a claim that was not properly raised if a petitioner can demonstrate cause and prejudice. *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). In his traverse, Baker challenges Respondent's exhaustion argument by asserting that he *did* raise this issue during his appeal, a claim directly refuted by the evidence. He offers no other explanation. Thus, Baker's procedural default cannot be excused, and he is not entitled to habeas corpus relief.

For the reasons set forth above, the petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to close this case.

SO ORDERED.
ENTERED: October 26, 2017.                S/Michael G. Gotsch, Sr.
                                          Michael G. Gotsch, Sr.
                                          United States Magistrate Judge